UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTICE SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEQUOIA BENEFITS AND INSURANCE SERVICES LLC, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-01363-SI<br><br>**ORDER CONSTRUING NOTICE OF APPEAL AS STATEMENT OF INTENT TO STAND ON THE ORIGINAL COMPLAINT; DISMISSING CASE; CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH UNDER 28 U.S.C. § 1915** |

In an order filed April 2, 2024, the Court granted plaintiff's application to proceed *in forma pauperis* based on an inability to pay the filing fee, and dismissed plaintiff's causes of action under 42 U.S.C. § 1983 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. The Court dismissed those claims without leave to amend, but allowed plaintiff to file an amended complaint by April 19 asserting other claims if she wished.

Plaintiff then filed a motion for reconsideration of the dismissal order, which the Court denied in an order filed April 5, 2024. In that order, the Court explained why plaintiff could not state a claim under 42 U.S.C. § 1983 and the FCRA, and the Court noted that if plaintiff is a class member in *In re: Sequoia Benefits and Insurance Data Breach Litigation*, Case No. 3:22-cv-08217-RFL (N.D. Cal.), it appeared that there were other claims she could bring. The Court again notified plaintiff that she could file an amended complaint by April 19.

On April 16, 2024, plaintiff filed a notice of appeal of the Order Denying Plaintiff's Motion for Reconsideration. The Court construes plaintiff's notice of appeal as notification of her intent to stand on her original complaint. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-65 (9th Cir. 2004), and accordingly the Court DISMISSES this case with prejudice. However, the dismissal does not prevent plaintiff from asserting any claims that were not alleged in the complaint, such as

claims currently being litigated in *In re: Sequoia Benefits and Insurance Data Breach Litigation*, Case No. 3:22-cv-08217-RFL (N.D. Cal.).

Finally, because plaintiff is proceeding *in forma pauperis*, the Court is required to certify whether the appeal is taken in good faith, meaning the appeal is not frivolous. *See Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977). An appeal is frivolous if it lacks any arguable basis in law or fact. *See Neitze v. Williams*, 490 U.S. 319, 325 (1989). For the reasons stated in the earlier orders, the Court finds that plaintiff cannot state a claim under 42 U.S.C. § 1983 or the FCRA against defendants arising out of the hack of Sequoia's cloud system, and therefore that the appeal lacks any arguable basis in law or fact. As such, the Court certifies that the appeal is not taken in good faith.

**IT IS SO ORDERED**.

Dated: April 18, 2024

SUSAN ILLSTON
United States District Judge

2